FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 22 2019

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

SHARON L. ROGERS                                                     PLAINTIFF

Vs.                Case No. 1:19cv41-JM

UNITED STATES DEPARTMENT     This case assigned to District Judge _Moody_
OF VETERANS AFFAIRS,              and to Magistrate Judge _Kearney_
UNITED STATES OF AMERICA                             DEFENDANT

**COMPLAINT FOR DAMAGES**
(Federal Tort Claims Act)

Comes the Plaintiff, Sharon L. Rogers, and for her claim for damages against the Defendant United States Department of Veterans Affairs, a Department of the United States of America, under the Federal Tort Claims Act (28 U.S.C. §2671 et seq.) and the laws of the State of Arkansas for damages for personal injuries received by her as a result of a fall while on the premises of the Veterans' Administration Hospital in Little Rock, Arkansas, on or about January 23, 2018, state:

### *Introduction*

1. This is a claim brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 et seq. and Arkansas statutory and common laws, for damages arising out of the negligence of the United States Department of Veterans' Affairs (herein "VA"), in the design, construction and maintenance of a sidewalk on its premises at the John L. McClellan Memorial Veterans' Administration Hospital in Little Rock, Arkansas, which caused the Petitioner to trip, fall and sustain personal injuries as hereinafter set forth. As a result of the acts and omissions of the United States as described herein, the Petitioner herein is entitled to damages as set forth herein.

### *The Parties*

2.     Sharon L. Rogers is an adult resident and citizen of Tumbling Shoals, Cleburne County, Arkansas.

3.     The VA is an agency of the Executive Branch of the United States government. Among the duties and responsibilities of the VA are to develop and administer a national health care system for veterans of the United States military and their families, including the construction, operation and maintenance of hospitals where medical services are dispensed to such veterans and their families. Included in such system, the VA operates and maintains the John L. McClellan Memorial Veterans Hospital at 4300 W 7th St, Little Rock, AR 72205 (herein "the Hospital").

### *Compliance With and Exhaustion of Administrative Remedies*

4. On or about September 25, 2018, the Plaintiff, through her duly designated and authorized counsel, submitted an administrative claim in the form of a Petition for Damages For Personal Injury to the United States Department of Veterans Affairs of the United States of America. Said Petition for Damages was accompanied by a Standard Form 95, and by written authorization from the Plaintiff ("Client Authorization") for representation of her by the undersigned counsel. A copy of said Petition, Standard Form 95 and Client Authorization are attached to this Complaint collectively as Exhibit No. 1.

5. Said Petition, Standard Form 95 and Client Authorizations were received by the VA on October 4, 2018, as acknowledged by letter from Ms. LaDonis Alexander, Representational Paralegal Specialist, Torts Law Group, U.S. Department of Veterans Affairs Office of General

Counsel, Muskogee, Oklahoma, to Plaintiffs' counsel dated December 4, 2018. A copy of said letter is attached to this Complaint as Exhibit No. 2.

**6.**   More than six (6) months have elapsed from the date of filing of the Petition, Standard Form 95 and Client Authorizations without any determination or response from the United States regarding the Petition, and the Plaintiffs are authorized to file this action pursuant to 28 U.S.C. §§1346(b), 2401(b) and 2671-2680.

**7.**   Plaintiffs have fully complied with the procedural requirements of 28 U.S.C. §2675, and all procedural prerequisites to filing this action have been satisfied, met or otherwise waived, including the exhaustion of all administrative remedies under the FTCA.

**8.**   Venue is proper in the Eastern District of Arkansas under 28 U.S.C. §1402(b), as this is a civil action involving a tort claim against the United States and the acts or omissions complained of occurred in this judicial district.

### *The Event of January 23, 2018*

**9.**   On January 23, 2018, the Petitioner, Sharon L. Rogers, drove her friend and companion, Ernest Paul Hayes, a veteran of United States military service who is regularly treated at the Hospital, from Tumbling Shoals, Arkansas, to the Hospital in order that he might receive scheduled medical care.

**10.**   Upon their arrival at the Hospital at approximately 09:30 a.m., Rogers drove her car to the front entrance of the Hospital, at which Hayes disembarked from the vehicle and entered the Hospital. Rogers then drove her vehicle to a Hospital public parking lot near the south entrance of the Hospital, parked the vehicle, and proceeded to walk toward one of the entrances to the Hospital.

11.     As she walked along a concrete sidewalk toward the Hospital entrance beside a brick wall adjacent to the sidewalk, she tripped on a low concrete curbing or ridge that protruded into the sidewalk from the brick wall, referred to hereafter as "the incident." The curbing or ridge was the same color as the concrete sidewalk, and was not marked, painted or otherwise noticeable to a person exercising ordinary care.

12.     Various persons unknown to Rogers who were in the area came to her assistance and notified the emergency room personnel at the Hospital. Those personnel brought a wheelchair to the scene, assisted her in getting into the wheelchair and took her into the emergency room, where Rogers received treatment for the injuries described above.

### *Injuries Received by Plaintiff*

13.     During the fall, Rogers struck the concrete and injured both knees, right elbow, head and other parts of her body resulting in, among other things, severe contusions and abrasions. Rogers had, prior to the incident, undergone a surgical replacement of her right knee. Following the incident, she experienced, among the other injuries, a severe pain in her left knee which continued and persevered thereafter. She also experienced a "locking" of her left knee causing it to be unable to move normally, making walking difficult if not impossible, and extremely painful.

14.     In February, 2018, Rogers consulted a physician (Dr. Michael Weber of Arkansas Specialty Orthopaedics), who advised Rogers to have arthroscopic surgery. Such surgery was performed on March 16, 2018, resulting in the repair of repair of a torn medial meniscus and removal of an osteochondral loose body from the medial compartment notch.

**15.** Rogers appears to have substantially recovered from the elbow, head and other injuries, although they caused pain, suffering, anguish, soreness and loss of sleep for approximately one month. However, she has not recovered from the injury to her knee. Walking is painful, and the injury causes her to limp when walking, which affects the remainder of her body, including her right knee in which the joint replacement occurred. Even when not walking, she has pain, aching and other discomfort in the knee. She is unable to perform many of her normal activities, and those that she can perform are done with discomfort and require more time to perform. It is anticipated that such conditions will be and are permanent.

### *The Negligence of the VA in Failing to Exercise Ordinary Care For The Safety of the Plaintiff*

**16.** The injuries to the said Sharon L. Rogers was caused by the negligence of the VA, which was negligent in the following particulars and respects:

    a. In constructing a sidewalk for the use of patients, their relatives, caregivers and companions and other visitors and invitees to the Hospital that contained a curbing or ridge that protruded from the sidewalk at its junction with a brick wall where it was not visibly obvious to persons using the sidewalk, and that was not visibly marked or other warnings provided to users of the sidewalk;

    b. In failing to exercise ordinary care in the construction and maintenance of the premises of the Hospital (including sidewalks for the use of patients, relatives, caregivers, companions and other visitors to the Hospital) to avoid creating conditions that would endanger the safety of the users of the sidewalks.

    c. In failing to use ordinary care to maintain the premises of the Hospital in a reasonably safe condition for persons, such as Sharon L. Rogers, who could reasonably be expected to use such premises.

    d. In failing to conspicuously mark the curbing or ridge that protruded from the sidewalk at its junction with the brick wall so that it would be visible to a reasonably prudent person using the sidewalk;

    e. In failing to post signs or other warnings for persons using the sidewalk that a hazardous condition existed on the sidewalk, and that care should be taken to avoid it.

*Damages*

**17.** As a result of the aforesaid acts and omissions of the VA that resulted in the above described injuries of Sharon L. Rogers, she has sustained the following losses and damages:

| | |
|---|---:|
| i. Pain, suffering and mental anguish | $100,000.00 |
| ii. Medical expense | $ 10,000.00 |
| iii. Permanent disability. | $100,000.00 |

**18.** As a result of the negligence of the VA, and the resulting injuries to Rogers that were a proximate cause of the said negligence, Rogers should be granted judgment of and from the VA for the amount of damages set forth above.

**WHEREFORE**, Plaintiff, Sharon L. Rogers, prays that she be granted judgment of and from the Defendant, United States Department of Veterans Affairs, a Department of the United States of America, in the amount of $210,000.00; and for attorney fees and all costs of this action; and for all other legal, equitable and proper relief.

Respectfully submitted,

**WILLIAMS & ANDERSON PLC**

*/s/ Richard H. Mays*

Richard H. Mays (AR Bar #61043)
Stephens Building – 22nd Floor
111 Center Street
Little Rock, AR 72201
501-372-0800
E-Mail: rmays@williamsanderson.com

# VERIFICATION

**STATE OF ARKANSAS** )
                               )ss.
**COUNTY OF CLEBURNE** )

      I, Sharon L. Rogers, having first been duly sworn to tell the truth, do hereby state that I am the Sharon L. Rogers who is the Plaintiff in the above and foregoing Complaint; that I have read the said Complaint, and the facts and allegations contained therein are true and correct to the best of my knowledge and belief.

                                                              _Sharon L. Rogers_
                                                             Sharon L. Rogers

      Subscribed and sworn to before me, a Notary Public in and for the State and County named above, on this **21** day of May, 2019.

SEAL                                                             Notary Public

[Notary seals: JENNIFER MEEK, Comm. No. 12396618, NOTARY PUBLIC, Cleburne Co., Arkansas, My Comm. Exp. Nov. 22, 2023]

# PETITION TO THE
# UNITED STATES DEPARTMENT OF VETERANS' AFFAIRS

## SHARON L. ROGERS, PETITIONER

### PETITION FOR DAMAGES FOR PERSONAL INJURY

Comes the Petitioner, Sharon L. Rogers, and for her claim for damages under the Federal Tort Claims Act (28 U.S.C. §2671 et seq.) and the laws of the State of Arkansas for personal injuries received by her as a result of injuries received by her on the premises of the Veterans' Administration Hospital in Little Rock, Arkansas, on or about January 23, 2018, state:

### *Introduction*

1. This is a claim brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 et seq. and Arkansas statutory and common laws, for damages arising out of the negligence of the United States Department of Veterans' Affairs (herein "VA"), in the development and maintenance of a sidewalk on its premises at the John L. McClellan Memorial Veterans' Administration Hospital in Little Rock, Arkansas, causing the Petitioner to trip, fall and sustain personal injuries as hereinafter set forth. As a result of the acts and omissions of the United States as described herein, the Petitioner herein is entitled to damages as set forth herein.

### *The Parties*

2. Sharon L. Rogers is an adult resident and citizen of Tumbling Shoals, Cleburne County, Arkansas.

3. The VA is an agency of the United States government. Among the duties and

responsibilities of the VA are to develop and administer a national health care system for veterans of the United States military and their families, including the construction, operation and maintenance of hospitals where medical services are dispensed to such veterans and their families. Specifically, the VA operates and maintains the John L. McClellan Memorial Veterans Hospital at 4300 W 7th St, Little Rock, AR 72205 (herein "the Hospital").

### *The Event of January 23, 2018*

**4.** On January 23, 2018, the Petitioner, Sharon L. Rogers, drove her friend and companion, Ernest Paul Hayes, a veteran of United States military service who is regularly treated at the Hospital, from Tumbling Shoals, Arkansas, to the Hospital for his medical care.

**5.** Upon arrival at the Hospital at approximately 09:30 a.m., Rogers drove her car to the front entrance of the Hospital, at which Hayes disembarked from the vehicle and entered the Hospital. Rogers then drove her vehicle to a Hospital public parking lot near the south entrance of the Hospital, parked the vehicle, and proceeded to walk toward one of the entrances to the Hospital.

**6.** As she walked along a concrete sidewalk toward the entrance along a low brick wall adjacent to the sidewalk, she tripped on a concrete curbing or ridge that protruded from the sidewalk where the sidewalk joined the brick wall, referred to hereafter as "the incident." Photographs showing the scene of the incident and the curbing or ridge adjacent to the concrete wall on which Rogers tripped are attached hereto as Exhibits 1 through 6, inclusive. However, at the time of the incident, the curbing or ridge had not been painted by the VA as is shown in the photographs, and such curbing or ridge was the same color as the concrete sidewalk. Such painting as appears in the photographs occurred subsequent to the incident.

7. During the fall, Rogers struck and injured both knees, right elbow, head and other parts of her body. Various persons unknown to Rogers who were in the area came to her assistance, notified the emergency room personnel at the Hospital. Such personnel brought a wheelchair to the scene, assisted her in getting into the wheelchair and took her into the emergency room.

8. Rogers received treatment for the injuries described above in the Hospital emergency room. A copy of the VA Hospital records showing such treatment are attached hereto as Exhibit No. 7 to this claim.

9. Rogers had, prior to the incident, undergone a surgical replacement of her right knee. Following the incident, she experienced, among the other injuries, a severe pain in her left knee which continued and persevered thereafter. She also experienced a "locking" of her left knee causing it to be unable to move normally, making walking difficult if not impossible, and extremely painful.

10. In February, 2018, Rogers consulted a physician (Dr. Michael Weber of Arkansas Specialty Orthopaedics), who had previously treated Rogers regarding her knee, and was advised to have arthroscopic surgery. Such surgery was performed on March 16, 2018, resulting in the repair of repair of a torn medial meniscus and removal of an osteochondral loose body from the medial compartment notch. A copy of the medical records of Dr. Weber and related Baptist Medical Center - Little Rock records are attached hereto as Exhibit No. 8.

11. Rogers has substantially recovered from the elbow, head and other injuries, although they caused pain, suffering, anguish, soreness and loss of sleep for approximately one month. However, she has not recovered from the injury to her knee. Walking is painful, and the injury

causes her to limp when walking, which affects the remainder of her body, including her right knee in which the joint replacement occurred. Even when not walking, she has pain, aching and other discomfort in the knee. She is unable to perform many of her normal activities, and those that she can perform are done with discomfort and require more time to perform.

### *The Negligence of the VA in Failing to Exercise Ordinary Care For The Safety of the Petitioner*

**12.** The injuries to the said Sharon L. Rogers was caused by the negligence of the VA, which was negligent in the following particulars and respects:

a. In constructing a sidewalk for the use of patients, their relatives, caregivers and companions and other visitors and invitees to the Hospital that contained a curbing or ridge that protruded from the sidewalk at its junction with a brick wall where it was not visibly obvious to persons using the sidewalk, and that was not then visibly marked or other warnings provided to users of the sidewalk;

b. In failing to exercise ordinary care in the construction and maintenance of the premises of the Hospital (including sidewalks for the use of patients, relatives, caregivers, companions and other visitors to the Hospital) to avoid creating conditions that would endanger the safety of the users of the sidewalks.

c. In failing to use ordinary care to maintain the premises of the Hospital in a reasonably safe condition for persons, such as Sharon L. Rogers, who could reasonably be expected to use such premises.

d. In failing to conspicuously mark the curbing or ridge that protruded from the sidewalk at its junction with the brick wall so that it would be visible to a reasonably prudent person using the sidewalk;

e. In failing to post signs or other warnings for persons using the sidewalk that a hazardous condition existed on the sidewalk, and that care should be taken to avoid it.

*Damages*

13. As a result of the aforesaid acts and omissions of the VA that resulted in the above described injuries of Sharon L. Rogers, she has sustained the following losses and damages:

| | |
|---|---:|
| i. Pain, suffering and mental anguish | $100,000.00 |
| ii. Medical expense | $ 10,000.00 |
| iii. Permanent disability. | $100,000.00 |

b. The claimants submit their claims for the sums set forth above to the VA pursuant to the United States Tort Claims Act, 28 U.S. Code §2671 *et seq.*, and 28 C.F.R.§14.2.

c. The attorney listed below represent that he and the law firm named below are the duly authorized representatives of the Petitioner. Attached to this claim is a written authorization from the Petitioner authorizing the attorney and the law firm to present this claim on her behalf. All communications regarding this claim should be directed to the undersigned attorney and law firm.

14. A completed Standard Form 95 accompanies this Petition.

Respectfully submitted,

**WILLIAMS & ANDERSON PLC**

Richard H. Mays (AR Bar #61043)
Stephens Building – 22nd Floor
111 Center Street
Little Rock, AR 72201
501-372-0800
E-Mail: rmays@williamsanderson.com

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Department of Veterans' Affairs<br>c/o John L. McClellan Memorial Veterans Hospital<br>4300 West 7th Street, Little Rock, AR 72205 | Sharon L. Rogers - Claimant<br>Richard H. Mays c/o Williams & Anderson PLC<br>111 Center Street - 22nd Floor, Little Rock, AR 72201<br>(Personal Representative - see attached authorization) |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>05/13/1953 | 5. MARITAL STATUS<br>widow | 6. DATE AND DAY OF ACCIDENT<br>01/23/2018 | 7. TIME (A.M. OR P.M.)<br>09:30 A.M. approx |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Claimant drove friend (veteran) to VA hospital; delivered friend to front entrance; and parked car in parking lot. Was walking to hospital on sidewalk adjacent to brick wall when she tripped on a curbing or ridge projecting from sidewalk and wall and fell. The projection was not marked, painted or otherwise noticeable. ER personnel brought wheelchair and took Claimant to ER where she was treated for injuries to knees, arms and head, X-Rays taken, etc.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See narrative above. Claimant had previously had knee replacement in right knee, and injuries in fall required subsequent arthroscopic knee surgery to repair torn medial meniscus and remove osteochondral loose body in left knee. Injury has aggravated pre-existing condition. Claimant has suffered pain, permanent partial disability. Also see medical reports filed with this claim.

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| Witnesses were present in the area, but their identity is currently unknown. Christopher J. Langley R.N. conducted initial intake at ER. | VA Hospital, 4300 West 7th Street, Little Rock, AR 72205 |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | | |
|---|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). | |
| | 210,000.00 | | 210,000.00 | |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side).<br>*Richard H. Mays, attorney for Sharon L. Rogers* | 13b. PHONE NUMBER OF PERSON SIGNING FORM<br>501-372-0800; 501-691-1106 (Cell) | 14. DATE OF SIGNATURE<br>09/25/2018 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

| INSURANCE COVERAGE ||
|---|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property. ||
| 15. Do you carry accident Insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No ||
| ıimant has only medical insurance. ||
| 16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☒ Yes ☐ No | 17. If deductible, state amount. |
| Claimant's medical insurance has fully covered the medical expenses incurred by Claimant for treatment following the incident. | |
| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts). Claimant's medical insurance was Medicare and CHAMPS VA (claimant's deceased husband was service-connected disabled). Medicare may claim subrogation. ||
| 19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No ||

### INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL :NCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL 'RESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN ..-TIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

**(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

### PAPERWORK REDUCTION ACT NOTICE

notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per onse, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of ...ormation. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**

## AUTHORIZATION TO REPRESENT CLAIMANTS

KNOW ALL MEN BY THESE PRESENTS:

That I, **Sharon Rogers**, do hereby authorize and retain **Richard H. Mays** of the law firm of **Williams & Anderson PLC**, Arkansas, to represent me in a claim against the United States Department of Veterans' Affairs arising out of injuries received by me in a fall on a sidewalk on the premises of the Veterans' Administration Hospital in Little Rock, Arkansas, on January 23, 2018.

All persons are authorized and directed to communicate with said attorneys and law firm as my attorneys and representatives as fully as they might with me, and all persons are entitled to rely upon the statements and representations of my said attorneys.

Witness my hand on the date set forth opposite my name.

Date: September 7, 2018.

*Sharon Rogers*
**Sharon Rogers**

STATE OF ARKANSAS  )
                   )ss.
COUNTY OF CLEBURNE )

On the date set forth below came before me, a Notary Public in and for the State and County aforesaid, **Sharon Rogers**, who, after being properly identified as such and sworn to tell the truth, stated that she had read the above and foregoing Authorization, and that she signed the same for the intents and purposes set forth therein.

Subscribed and sworn to before me this 7 day of September, 2018.

[SEAL]

Notary Public



**VA** | **U.S. Department of Veterans Affairs**
**Office of General Counsel**

Torts Law Group
2410 Shawnee Bypass, Suite G/02
Muskogee, OK 74403

Phone: (918) 577-3983

In Reply Refer To: GCL 389272

December 4, 2018

Richard H. Mays
Williams & Anderson, PLC
111 Center Street – 22nd Floor
Little Rock, AR 72201

    RE:   Administrative Tort Claim of Sharon L. Rogers

Dear Mr. Mays:

The U.S. Department of Veterans Affairs (VA) received your tort claim on October 4, 2018.

VA has six months from the date your claim was received to consider a claim before you may file suit in federal district court pursuant to the Federal Tort Claims Act (FTCA), sections 1346(b), 2401(b), and 2671-2680, title 28, United States Code.

If you have not been contacted after six (6) months from the date your claim was received, you may contact Janet Barnes at (918) 577-3983.

A combination of federal and state laws governs FTCA claims; some state laws may limit or bar a claim or lawsuit. VA staff handling FTCA claims work for the Federal Government, and cannot provide legal advice on state or federal law filing requirements.

Sincerely,

*LaDonis Alexander*
LaDonis Alexander
Representational Paralegal Specialist
Torts Law Group



EXHIBIT 2